IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REDWOOD RESORT PROPERTIES, LLC, § § § Plaintiff-counterdefendant, § § § VS. § § HOLMES COMPANY LIMITED, § § Defendant-counterplaintiff. § § | Civil Action No. 3:06-CV-1022-D |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from a transaction to develop and sell real property located in the Bahamas, plaintiff-counterdefendant Redwood Resort Properties, LLC ("Redwood") moves to dismiss defendant-counterplaintiff Holmes Company Limited's ("Holmes's") declaratory judgment counterclaim and related requested relief under Fed. R. Civ. P. 12(b)(6). Redwood also moves under Rule 9(c) to dismiss Holmes's "failure of conditions precedent" affirmative defense or, alternatively, for an order requiring that Holmes replead the defense. For the reasons that follow, the court dismisses the declaratory judgment counterclaim and orders that Holmes replead the affirmative defense in compliance with Rule 9(c).

I

The relevant background facts of this case are set out in the court's memorandum opinion and order granting in part Holmes's

motion to dismiss. *See Redwood Resort Props., LLC v. Holmes Co.*, 2006 WL 3531422, at *1-*2 (N.D. Tex. Nov. 27, 2006) (Fitzwater, J.). The court therefore recounts them only briefly, adding subsequent procedural history that is necessary to place this decision in context.

Redwood sued Holmes for breach of contract and other related claims when a proposed joint venture for the development of a multimillion dollar real estate project in the Bahamas fell through.[1] For more than one year, Redwood and Holmes engaged in numerous meetings, telephone calls, correspondence, and discussions among themselves and others concerning a possible joint venture to develop and sell a Bahamian island known as "Crab Cay Island." Redwood and Holmes eventually determined to go forward with the project, setting forth the preliminary terms in a signed letter agreement ("Letter Agreement").

The Letter Agreement contained detailed provisions relating to the Project and the Enclave developments. Some provisions were explicitly made binding, and others were not made binding until the creation of "a fully-integrated, definitive Venture Agreement that has been duly authorized, executed and delivered by all parties."

---

[1] The court recounts the facts favorably to Holmes as the nonmovant in relation to Redwood's motion to dismiss. *See, e.g., Royal Bank of Canada v. FDIC*, 733 F. Supp. 1091, 1094 (N.D. Tex. 1990) (Fitzwater, J.).

D. Br. Ex. A, Ex. 1 at 7.[2]  One binding part of the Letter Agreement, the "Costs" provision of ¶ 11 ("Reimbursement Provision"),[3] states, in relevant part:

> In the event that the Venture Agreement is not executed by the Parties, Holmes shall reimburse Redwood actual amounts paid by Redwood for third party due diligence expenses not to exceed the sum of $195,404.00 and the results of all due diligence efforts including work product producing such results shall become the exclusive property of Holmes.

*Id.* at 6.

In the months that followed execution of the Letter Agreement, Redwood prepared a draft venture agreement that it provided to Holmes. It also dedicated its staff and hired engineers, architects, financial analysts, and other advisors to conduct due diligence and evaluate and create models for the financial, physical, environmental, zoning, and entitlement aspects of the Project. Redwood alleges that the work product arising from these activities constituted one or more original, confidential formulas,

---

[2] The court has cited the Letter Agreement in this manner because, in briefing this motion, Holmes did not comply with N.D. Tex. Civ. R. 7.1(i)(1), which provides that "[a] party who relies on documentary (including an affidavit, declaration, deposition, answer to interrogatory, or admission) or non-documentary evidence to support or oppose a motion must include such evidence in an appendix." Holmes should have filed an appendix and, in accordance with Rule 7.2(e), should have cited the appendix in its brief. Because these deficiencies have not interfered with the decisional process of the court, the court has not required rebriefing.

[3] Because Holmes uses the term "Reimbursement Provision," the court will also do so.

patterns, devices, or compilations of information ("Proprietary Information") that gave Redwood a competitive advantage.

After Redwood completed a substantial amount of due diligence and took steps to finalize the Venture Agreement, Holmes began to equivocate about the Project. Eventually, Holmes announced that it was proceeding in another direction, stopped discussing the Project with Redwood, started contacting Redwood's advisors to work directly for Holmes, and, according to Redwood, otherwise began trying to steal the Project. At this point, Holmes wired $195,404.00 to a Redwood account, pursuant to the Reimbursement Provision.

Redwood sued Holmes in Texas state court. Holmes removed the case to this court and filed a Rule 12(b)(6) motion to dismiss. The court granted the motion in part and denied it in part and permitted Redwood to replead. *See Redwood Resort Props.*, 2006 WL 3531422, at *12. Redwood then filed its first amended complaint ("amended complaint"), and Holmes filed its original answer, which includes counterclaims.

Holmes counterclaims for a declaratory judgment that Redwood breached the Reimbursement Provision by refusing to release the results of its due diligence efforts after Holmes made the $195,404.00 payment. It also seeks a declaration that it is the rightful and exclusive owner of the results of Redwood's due diligence efforts and all related work product. Holmes has

- 4 -

asserted several affirmative defenses, including one for failure of conditions precedent.

Redwood moves to dismiss Holmes's declaratory judgment counterclaim and the related requested relief (attorney's fees and costs and declaratory judgment). It argues that the other claims and defenses in the case subsume the issues on which Holmes asks for a declaratory judgment. Redwood also moves to dismiss Holmes's affirmative defense of failure of conditions precedent, arguing that the defense does not refer to any specific or particular unmet condition. Alternatively, Redwood moves the court to require that Holmes replead the affirmative defense with the specificity required by Rule 9(c).

II

The court first considers Redwood's motion to dismiss Holmes's declaratory judgment counterclaim and the related requested relief.

A

In the counterclaim,

> Holmes seeks a declaration that Redwood is in breach of the Reimbursement Provision of Paragraph 11 of the Letter Agreement, by virtue of Redwood's refusal to release the results of its due diligence efforts and the work product it generated. Holmes further seeks a declaration that it is the rightful and exclusive owner of the results of Redwood's due diligence efforts and all related work product.

D. Br. Ex. A at 16 (Countercl. ¶ 37). Holmes also requests pre- and post-judgment interest and attorney's fees and costs. *Id.*

- 5 -

(relief requested ¶ (3)).

Redwood maintains that its first, sixth, and ninth causes of action squarely raise issues concerning the propriety of Holmes's use of the Proprietary Information and whether Holmes became the owner by exercising a purported right to pay for it under the Reimbursement Provision. Redwood contends that Holmes's sixth and eighth affirmative defenses and its first counterclaim also directly put the subjects at issue. Redwood argues that because the other claims and defenses in the case subsume the issues on which Holmes asks for a declaration, the court should dismiss the declaratory judgment counterclaim and related attorney's fees request.[4]

Holmes responds that its counterclaim is broader in scope than are Redwood's claims. It posits that although Redwood's amended complaint refers several times to the Reimbursement Provision, it does not ask the court to decide whether Redwood itself breached the Reimbursement Provision by refusing to turn over its work product to Holmes. Holmes argues that it is this question that is specifically presented by its declaratory judgment counterclaim. It also maintains that although Redwood alleges in its amended complaint that Holmes can be expected to assert that the Proprietary Information became Holmes's exclusive property once it

---

[4] In Redwood's motion, and in Holmes's response, the parties base their arguments on Texas law. As the court explains *infra* at § II(B), however, this issue is governed by federal law.

made the payment, this anticipation of a likely claim by Holmes does not call on the court to decide whether Redwood has breached the Reimbursement Provision. Holmes posits that Redwood's allegations are simply a prediction that Holmes will contend that Redwood breached the Reimbursement Provision, but they do not prevent Holmes from seeking relief by asserting a declaratory judgment counterclaim. Holmes argues that while Redwood's claim appears to be directed to the question of how and whether the $195,404.00 payment should be distributed among third-party vendors, Holmes's counterclaim requests a determination that Redwood breached the Reimbursement Provision and that Redwood's work product is now Holmes's exclusive property. Holmes maintains that the counterclaim would establish a right to relief even if Redwood abandoned its causes of action or failed to establish them.

In reply, Redwood points to its breach of contract claim[5] and argues that in deciding this claim, the court must determine whether Holmes properly invoked the Reimbursement Provision and must also resolve who is the true owner of the Proprietary Information. Thus Redwood argues that the declaratory relief that Holmes requests in the counterclaim is at issue in Redwood's breach of contract claim. Redwood also points to its sixth claim for

---

[5]In its breach of contract claim, Redwood alleges that Holmes breached the contract by, *inter alia*, using the Proprietary Information for its own benefit rather than for the benefit of Redwood or a Bahamian entity owned by Redwood and Holmes.

- 7 -

misappropriation of trade secrets. Redwood argues that, to adjudicate this claim, it will be necessary for the court or jury to determine whether Holmes properly exercised the Reimbursement Provision and who is the rightful owner of the Proprietary Information. Redwood posits that as part of its interpleader claim, the court must determine whether Holmes properly exercised the Reimbursement Provision and is in fact the owner of the Proprietary Information.

 Redwood also cites Holmes's own pleadings and argues that Holmes's affirmative defenses and counterclaim for breach of contract raise the same issues for which Holmes seeks a declaratory judgment. Holmes alleges as its sixth affirmative defense that Redwood cannot recover damages because it has already been paid for the work product under the Reimbursement Provision, and that Holmes's affirmative defense of prior material breach is based on the assertion that Redwood breached the Letter Agreement by failing to release the results of its due diligence efforts and the work product it generated and therefore violated the Reimbursement Provision. Redwood contends that Holmes's breach of contract counterclaim subsumes Holmes's counterclaim for declaratory judgment because the allegations in the breach of contract counterclaim require the court to determine whether Redwood breached the Reimbursement Provision and whether Holmes is the exclusive owner of Redwood's due diligence efforts and all related

work product.

B

When a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. *See i2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929, at * 7 n.5 (N.D. Tex. Jul 02, 2002)(Fish, C.J.) (citing cases). The federal Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Declaratory Judgment Act is "an authorization, not a command." *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). It gives federal courts the competence to declare rights, but does not impose a duty to do so. *Id.*

Redwood asserts a claim for misappropriation of trade secrets,

contending that the Proprietary Information belongs to the partnership/joint venture and that Holmes has misappropriated this information. To decide Redwood's claim, the court must determine, as between Holmes and Redwood, who is the rightful owner of the Proprietary Information. Essentially, the court must decide whether, by reason of Holmes's payment of $195,404.00 to Redwood's account, the results of the due diligence efforts, including work product that produced those results, have become Holmes's exclusive property. Because the court will determine which party is the owner of the Proprietary Information, there is no need for a separate declaratory judgment claim that presents the same issue.

Additionally, in its eighth affirmative defense, Holmes alleges that Redwood's claims are barred by its own material breaches of contract, as set forth in the counterclaims that Holmes asserts. Holmes avers that by refusing to release the results of its due diligence efforts and the work product it generated, Redwood violated the Reimbursement Provision. Redwood's claims for relief and Holmes's affirmative defenses will be adjudicated in tandem. One such defense is that Redwood breached the Letter Agreement by refusing to release the results of its due diligence efforts and the work product generated. In deciding Redwood's claims, the court will address the question whether Redwood breached the Letter Agreement by failing to release the Proprietary Information. Furthermore, in addressing Holmes's counterclaim for

- 10 -

breach of contract, the court must determine whether Redwood breached the contract by refusing to release the results of its due diligence efforts. Holmes's request for a declaratory judgment that Redwood breached the Reimbursement Provision by refusing to release the results of its due diligence efforts and the work product it generated adds little that exceeds the scope of Holmes's affirmative defense to Redwood's claim and Holmes's own breach of contract counterclaim.

Accordingly, the court dismisses Holmes's counterclaim for a declaratory judgment that it is the exclusive owner of the Proprietary Information. *See Kougl v. Xspedius Mgmt. Co. of Dallas/Fort Worth, L.L.C.*, 2005 WL 1421446, at *4 (N.D. Tex. June 1, 2005) (Fitzwater, J.) (dismissing claims for declaratory relief when they would be resolved in context of breach of contract actions); *Landscape Design and Constr., Inc. v. Transport Leasing/Contract, Inc.*, 2002 WL 257573, at *10 (N.D. Tex. Feb. 19, 2002) (Fitzwater, J.) (dismissing declaratory judgment action that sought resolution of substantive claims that were already basis of lawsuit).

Because it is dismissing the counterclaim, the court also declines to award Holmes attorney's fees and costs to the extent based on this counterclaim.

III

Redwood maintains that Holmes has failed to plead its "failure of conditions precedent" affirmative defense with particularity, as required by Rule 9(c). Holmes concedes that this affirmative defense does not identify the failures of conditions precedent with the particularity required by Rule 9(c), and it requests that the court grant it leave to amend. Accordingly, the court grants Holmes leave to amend its fifth affirmative defense within 20 days of the date this memorandum opinion and order is filed.

\*   \*   \*

For the reasons stated, the court grants Redwood's motion to dismiss Holmes's declaratory judgment counterclaim and Holmes's request for attorney's fees and costs, to the extent based on this counterclaim. It also grants Holmes leave to amend its fifth affirmative defense to comply with the pleading requirements of Rule 9(c). Holmes must file an amended answer within 20 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

April 30, 2007.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE